IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry Lamont Mumford, | ) | Civil Action No. 8:19-629-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Edgefield Federal | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 7) recommending that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed without prejudice.

I. **Background**

Petitioner Terry Lamont Mumford is a prisoner at the Federal Correctional Institution Edgefield who has filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) On June 6, 2005, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to two counts of bank robbery and was sentenced to two terms of 180 months imprisonment, with the sentences running concurrently. (*Id.*) On April 6, 2006, the Fourth Circuit affirmed Petitioner's conviction. (*Id.* at 2.) Petitioner filed a Petition under 28 U.S.C. § 2255 on December 31, 2015, which was denied and dismissed on November 2, 2017. (*Id.* at 4.) In that habeas petition, Petitioner argued that his sentence should be vacated under *Johnson v. United States*, 135 S. Ct. 2551, 2555, 192 L. Ed. 2d 569 (2015).

Petitioner now asserts in his 28 U.S.C. § 2241 petition that his prior federal sentence was unlawful because he is no longer a career offender under the United States Sentencing Guidelines

1

(the "Guidelines"). Petitioner relies on the Supreme Court decision in *Chambers v. United States*, 555 U.S. 122 (2009), and the Fourth Circuit's decision in *United States v. Clay*, 627 F.3d 959 (4th Cir. 2010) to argue that he meets the savings clause test to seek relief from his sentence via a § 2241 petition. The Magistrate Judge recommended that the petition should be dismissed without prejudice. (Dkt. No. 7.) Petitioner filed objections. (Dkt. No. 11.)

## II. <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner filed objections, and the R & R is therefore reviewed *de novo*.

## III. <u>Discussion</u>

The Court finds that the Magistrate Judge correctly concluded that the action should be dismissed. As discussed in the R & R, a petitioner cannot challenge his federal conviction and sentence pursuant to 28 U.S.C. § 2241 unless he demonstrates that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The petitioner here is challenging his federal conviction, arguing that he was improperly sentenced as he no longer qualifies as a career criminal under the Guidelines. (Dkt. No. 1-1.)

2

To demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, the petitioner must establish that:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions § 2255(h)(2) for the second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner concedes his sentence was legal when imposed. (Dkt. No. 1-1 at 1.) Petitioner argues that the substantive law changed after his appeal and § 2255 motion based on the decisions in *Chambers v. United States*, 555 U.S. 122 (2009), and *United States v. Clay*, 627 F.3d 959 (4th Cir. 2010). However, as the Magistrate Judge correctly held, both *Chambers* and *Clay* were decided before Petitioner filed his first § 2255 motion in 2015. Further, as correctly held by the Magistrate Judge, *Chambers*, and cases identified by Petitioner construing *Chambers*, addressed only the Armed Career Criminal Act ("ACCA") and not the Guidelines, and therefore is inapplicable here. Further, as opposed to the ACCA, the Supreme Court has held that the Guidelines "are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).[1] Petitioner's objections reiterate his reliance on *Chambers* and *Clay* and do not affect the fact that neither were subsequent to Petitioner's § 2255 Petition, and neither retroactively changed the substantive applicable law. Therefore, Petitioner's § 2241 petition must be dismissed.

---

[1] *Beckles* was decided on March 6, 2017, before the sentencing court ruled on his § 2255 petition, and the sentencing court reviewed *Beckles* in the § 2255 proceeding and determined it did not affect Petitioner's sentence. (*See* M.D.N.C. Case No. 1:05-cr-125-CCE, Dkt. Nos. 41, 43.)

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 7) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.[2]

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner cannot meet the test laid out in *Wheeler*. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 8, 2019
Charleston, South Carolina

---

[2] *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) ("However, because the district court lacked jurisdiction over [the] § 2241 petition…the dismissal of [the] challenges to his convictions and restitution order is without prejudice….").

4